UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>(1) MARWAN CHEBLI, )<br>a/k/a "El Turko," and "Samir;" and )<br>(2) LEONEL GOMEZ-GUZMAN )<br>a/k/a "Tony," )<br>)<br>Defendants. ) | VIOLATIONS: 11cr-10019 DPW<br><br>18 U.S.C. § 1956(h) -<br>Money Laundering<br>Conspiracy<br><br>18 U.S.C. § 982(a)(1) -<br>Criminal Forfeiture |

**COUNT ONE:**   (18 U.S.C. § 1956(h) - Money Laundering Conspiracy)

The Grand Jury charges that:

From a date unknown to the Grand Jury, but from at least in or about April, 2007, and continuing thereafter until in or about February, 2011, at Montreal, Canada; Caracas, Venezuela; Bogota, Colombia; Santo Domingo, Dominican Republic; Kingston, Jamaica; Philadelphia, Pennsylvania; New York, New York; Miami, Florida; and Boston and elsewhere in the District of Massachusetts,

(1) MARWAN CHEBLI,
a/k/a "El Turko" and "Samir," and
(2) LEONEL GOMEZ-GUZMAN,
a/k/a "Tony,"

defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with each other and with other persons, known and unknown to the Grand Jury, to:

(a) conduct and attempt to conduct one or more financial transactions affecting interstate and foreign commerce, knowing that the property involved in the financial transaction represented

1

the proceeds of some form of unlawful activity, and which, in fact, involved the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of such specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

(b) conduct and attempt to conduct one or more financial transactions affecting interstate and foreign commerce, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and which, in fact, involved the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), knowing that the transaction was designed in whole and in part to avoid a transaction reporting requirement under State and Federal law, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii);

(c) transport, transmit, and transfer, and attempt to transport, transmit and transfer a monetary instrument and funds

from a place in the United States to or through a place outside the United States and to a place in the United States from or through a place outside the United States, knowing that the monetary instrument and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of such specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i);

(d) transport, transmit, and transfer, and attempt to transport, transmit and transfer a monetary instrument and funds from a place in the United States to or through a place outside the United States and to a place in the United States from or through a place outside the United States, knowing that the monetary instrument and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole and in part to avoid a transaction reporting requirement under State and Federal law, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(ii); and

(e) engage and attempt to engage in one or more monetary transactions by, through, and to a financial institution affecting interstate and foreign commerce, in criminally derived property

that was of a value greater than $10,000 and was derived from specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), knowing that the property was derived from some form of unlawful activity, in violation of Title 18, United States Code, Section 1957.

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE ALLEGATION
## (18 U.S.C. § 982(a)(1))

The Grand Jury further charges that:

1. Upon conviction of the offense alleged in Count One of this Indictment, the defendants,

> (1) **MARWAN CHEBLI**,
> a/k/a "El Turko" and "Samir," and
> (2) **LEONEL GOMEZ-GUZMAN**,
> a/k/a "Tony,"

jointly and severally, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real and personal, involved in such offense, and any property traceable to such property. Such property includes, without limitation:

  a. $1,050,000.00 in United States currency, seized on or about December 22, 2010; and

  b. $127,031.30 in United States currency, seized on or about January 3, 2011.

2. If any of the property described in Paragraph 1 above as a result of any act or omission of the defendants –

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with a third party;

  c. has been placed beyond the jurisdiction of this Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty;

5

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in subparagraphs (a) through (e) of this paragraph, including but not limited to the following:

    (i)   the general cargo vessel Ana Mia, IMO Number 6913285.

All pursuant to Title 18, United States Code, Section 982.

**A TRUE BILL**

_Penny Learn_
FOREPERSON OF THE GRAND JURY

_[signature]_
ASSISTANT U.S. ATTORNEY

DISTRICT OF MASSACHUSETTS; February __3__, 2011.

Returned into the District Court by the Grand Jurors and filed.

_[signature]_
DEPUTY CLERK    2/3/2011
                @ 12:00pm